

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 30, 1939

Mr. L. L. Geren
County Attorney
Limestone County
Croesbeek, Texas

Dear Sir:

Opinion No. O-303
Re: What disposition should be made of
the money received as fine in case prose-
cuted under Article 698 of the Penal
Code?

Your request for an opinion on the above stat-
ed question has been received by this office.

We want to thank you for the very able brief
submitted with your inquiry which has been of assistance
in passing upon upon your question.

We quote from your letter as follows:

"In Cause No. 2768 in the County Court of
Limestone County, State of Texas vs. Don Foster,
the defendant entered a plea of guilty and the
court assessed a fine of $150.00. Said sum was
remitted to the Sheriff of Limestone County by
the defendant and is still in the custody of
the Sheriff's Office. The Game, Fish and Oyster
Commission of Texas has demanded of the Sheriff
90% of said $150.00."

Article 689 of the Penal Code reads as follows:

"It shall be unlawful for any person, firm
or corporation, private or municipal to pollute
any water course or other public body of water,
by throwing, casting or depositing, or causing
to be thrown, cast or deposited any crude petro-
leum, oil or other like substance therein, or to
pollute any water course, or other public body

of water, from which water is taken for the use of farm live stock, drinking and domestic purposes, in the State of Texas, by the discharge, directly or indirectly, of any sewage or unclean water or unclean or polluting matter or thing therein, or in such proximity thereto as that it will probably reach and pollute the water of such water course or other public body of water from which water is taken, for the uses of farm live stock, drinking and domestic purposes; provided, however, that the provisions of this bill shall not affect any municipal corporation situated on tide waters; that is to say, where the tide ebbs and flows in such water course; provided, hhwever, that no city located on tide water shall discharge or permit to be discharged sewerage, oil or any other effluents into public tide waters of this State when such discharge will become a menace to or endangers the oyster beds or fish life in such waters, or when such discharge becomes a menace to the bathing placed in such waters; and provided further that drain ditches, where waste oil finds its way into water courses or public bodies of water, shall be equipped with traps of sufficient capacity to arrest the flow of oil. In so far as concerns the protection of fish and oysters, the Game, Fish and Oyster Commissioner, or his deputies, may have jurisdiction in the enforcement of this chapter. A violation of any of the provisions of this chapter shall be punished by a fine of not less than one hundred dollars and not more than one thousand dollars. When the offense shall have been committed by a firm, partnership or association, each member thereof who has knowledge of the commission of such offense, shall be held guilty. When committed by a private corporation, the officers and members of the board of directors, having knowledge of the commission of such offense, shall each be deemed guilty; and when by a municipal corporation the mayor and each member

of the board of aldermen or commission, having
knowledge of the commission of such offense,
as the case may be, shall be held guilty as
representatives of the municipality; and each
person so indicated as above shall be subject
to the punishment provided hereinbefore; pro-
vided, however, that the payment of the fine by
one of the persons so named shall be a satis-
faction of the penalty as against his associates
for the offense for which he may have been con-
victed. Each day such pollution is knowingly
caused or permitted shall constitute a separate
offense; provided, the provisions of this arti-
cle shall not apply to any place or premises of
manufacturing plants whose affluents contain
no organic matter that will putrify, or any
poisonous compounds, or any bacteria dangerous
to public health or destructive of the fish
life of streams or other public bodies of
water.

L-Office of Game, Fish and Oyster Com-
missioner was abolished and powers, duties
and functions transferred to Game, Fish and
Oyster Commission. See Article 978f, post."

Article 949 of the Code of Criminal Procedure
provides:

"Money collected by an officer upon
recognizances, bail bonds and other obliga-
tions recovered upon in the name of the State
under any provision of this Code, and all
fines, forfeitures, judgments and jury fees,
collected under any provision of this Code,
shall forthwith be paid over by the officers
collecting the same to the county treasurer
of the proper county, after first deducting
therefrom the legal fees and commissions for
collecting the same."

Article 912 of the Penal Code reads as follows:

"It shall be the duty of any justice of
the peace, clerk of any court, or any other
officer of this State, receiving any fine or

penalty imposed by any court for violation
of any of the laws of this State, pertaining
to the protection and conservation of wild
birds, wild fowl, wild animals, fish, oysters,
and other wild life, within ten days from and
after the receipt or collection of such-fine
or penalty, to remit same to the Game, Fish
and Oyster Commission at Austin, giving docket
number of case, name of person fired, and
section or article of the law under which convic-
tion was secured, when such laws are required
to be enforced by the Game, Fish and Oyster
Commission."

Article 4025, Revised Civil Statutes, reads
as follows:

"Of all fines collected for infraction
of the fish and oyster laws, ten per cent
shall go to the prosecuting attorney, and
the residue thereof shall go to the general
fund of this State. All funds collected
by deputy commissioners along the coast for
register certificates, licenses, and rents for
locating private oyster beds, and such other
charges relating to the fish and oyster laws
as may be prescribed, shall be by such depu-
ties paid over weekly to the Commissioner,
who in turn shall deposit the same monthly
in the State Treasury to the credit of the
general revenue fund."

A copy of the original information which is
attached to your inquiry contains three counts, all
based upon various portions of Article 698 of the
Penal Code. The first count charges generally the
pollution of the Navasota River by casting, etc.,
polluting matters therein. The second count charges
a pollution of the Navasota River and further alleges
that some river water was then and there taken for the
use of farm live stock and for drinking and domestic
purposes and the third count charges the failure of
defendant to equip and maintain his drain ditches with
proper traps. There is no allegation in the information
that the alleged pollution was harmful to aquatic life
or marine organisms. We do not find any allegation which

we can construe as an infraction of the Game and Oyster
Laws or any of the laws of this State pertaining to the
protection and conservation of wild birds, wild fowl,
wild animals, fish, oysters and other wild life.

We think that the provisions of Article 698,
Penal Code, giving to the Game, Fish and Oyster Commission
jurisdiction in the enforcement of this chapter insofar
as it concerns the protection of fish and oysters, by
inference, denies to that department jurisdiction in the
enforcement of that chapter insofar as it does not con-
cern the protection of fish and oysters.

Article 949, Code of Criminal Procedure, supra,
is the general law laid down by the Legislature covering
the disposition of fines collected by an officer and
should be followed in the absence of any statutes pertin-
ent to the prosecution in question. We have been unable
to find any statutes under which the Commission is mak-
ing its claim for 90% of the fines now in your custody.
We conclude that such claim is based upon Article 4025,
Revised Civil Statutes of Texas, Article 912 of the
Penal Code and Article 698a of the Penal Code.

Article 698a of the Penal Code provides for the
remission of fines collected thereunder to the Commission.
This Article is separate and distinct from Article 698
of the Penal Code and differs materially therefrom in the
criminal acts it seeks to prohibit. We are of the opin-
ion that the provisions in Article 698a providing for the
remission of fines imposed for violations of that act
to the Game, Fish and Oyster Commission has no applica-
tion to fines imposed for violations of Article 698 of
the Penal Code.

After an examination of Article 698 of the
Penal Code, we find that this statute sets forth and de-
fines several different criminal offenses and find only
one provision which can be construed as a fish and
oyster law or provision pertaining to the protection
and conservation of wild birds, wild fowl, wild animals,
fish, oysters and other wild life. That provision is:

"That no city located on the tide water

shall discharge or permit to be discharged
sewerage, oil or any other effluents into
public tide waters of this State when such
discharge will become a menace to or endangers the oyster beds or fish life in such
waters...."

The information does not expressly or by inference charge a violation of the above quoted provision. '

In view of the foregoing statutes, you are
respectfully advised that it is the opinion of this
Department that money collected as fines in' cases prosecuted under Article 698 of the Penal Code should be
deposited with the County Treasurer in the county where
such cases are tried after deduction of the legal fees
and commissions allowed for collecting the same and
that the Game, Fish and Oyster Commission is not entitled to any part of such fines except in cases where
there is a violation of the Game and Fish Laws and the
complaint and information is filed charging such violations.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL